## UNITED STATES v. LITSCHKE.

Civil Action No. 21593.

District Court, N. D. Ohio, E. D.
March 25, 1943.

Don C. Miller, U. S. Atty., and Jerome N. Curtis, Asst. U. S. Atty., both of Cleveland, Ohio, for plaintiff.

Martin A. McCormack, and Martin L. Sweeney, both of Cleveland, Ohio, for defendant.

JONES, District Judge.

The defendant has filed a three-fold motion—to dismiss, to strike, or to make definite and certain. The action is one in which the United States seeks to revoke a decree of naturalization and to have cancelled and surrendered the certificate of naturalization issued thereunder.

The principal challenge to the Government's complaint is that no facts are stated upon which to predicate fraud and illegality in procuring citizenship. But the complaint does state ultimate facts which, if established by evidence, would justify cancellation. The fact is that the complaint does detail the circumstances upon which the Government expects to rely in support of its claim of fraud and bad faith. As for instance, Paragraph 9 of the complaint alleges that from 1935 on the defendant was active in the Cleveland unit of the German-American Bund, an organization whose activities were directed and used against the peace, dignity, sovereignty and welfare of the Government of the United States. And in Paragraph 14 that the defendant from 1935 on disseminated German and Nazi propaganda.

Whether the United States was at peace or at war with Germany at that time is not important if the activities were directed against the United States and the propaganda disseminated was subversive to the peace and welfare of the country to which he had sworn allegiance. Contrary to the assertion in the defendant's brief, he was not in the same position as any natural born citizen. He had taken two oaths; one at the filing of his petition and one at his admission to citizenship, which formed the basis of his acceptance as a citizen. These solemn declarations need only to be read to realize the extent of the obligation assumed by the defendant.

The Government's charge is that he did not take these oaths intending to assume and fulfill their binding terms, as evidenced by his subsequent conduct. It is true that the complaint does not set forth evidential facts respecting his or the German-American Bund's subversive activities, as they may tend to support the falsity of his representations of good faith in applying for and procuring admission to citizenship; but the authorities do not require a detailed statement of evidential facts but only ultimate facts. It undoubtedly is the purpose of the Government to attempt to show that the activities of the defendant, following his admission to citizenship, were of such character that he could not have acted and did not act in good faith when he sought and received the important privilege of citizenship.

This is not an action where forfeiture of a right is sought because of unlawful conduct subsequent to obtaining the right; it is an action to cancel a privilege granted upon misrepresentation and bad faith in respect of attachment and disposition toward a country to which the defendant was transferring his allegiance, and based upon his subsequent conduct and activities. The complaint, in such circumstances, seems adequate and is not vulnerable to attack upon the grounds of the motion, which accordingly will be denied.